EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
Although I concur with the majority’s holding affirming Adams’ conviction on the second count relating to the 2000 Form 1040, I respectfully dissent from the holding vacating his conviction on the first count relating to the Form 1040X. Because Adams has not raised a sufficiency of the indictment claim, and because the evidence is sufficient to support the jury’s verdict on this count, I would affirm the jury’s conviction as to the Form 1040X.
The majority admits that Adams frames his appeal in terms of “sufficiency of the evidence,” yet makes the significant leap to construe his argument as challenging the sufficiency of the indictment on Count I. One searches in vain to find a sufficiency of the indictment claim in Adams’ briefing. Rather, Adams is clearly challenging the district court’s denial of his Rule 29 motion for judgment of acquittal. His argument on Count I is framed in terms of his entitlement to an acquittal based on the fact that a “reasonable legal argument” existed that the jurat on the 1040X did not include the 1999 Schedule C. In other words, Adams is arguing that there was insufficient evidence to convict him of making a false statement on his amended tax return because he did not swear to the truth of the Schedule C. He does not argue that the indictment was insufficient as to that claim. Importantly, the Government only responded to the actual claim that Adams made regarding the insufficiency of the evidence to support his conviction; we simply do not know how the Government might have responded to a claim that the indictment was insufficient. Since Adams has not properly challenged the sufficiency of the indictment in his opening brief, this argument is waived. See, e.g., Edwards v. Johnson, 209 F.3d 772, 776 n. 1 (5th Cir.2000); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir.1993); Lindsey v. Prive Corp., 161 F.3d 886, 894 n. 5 (5th Cir.1998).[1]
Therefore, rather than reviewing the sufficiency of the indictment de novo, we *654 should review the denial of the motion for judgment of acquittal as Adams has requested. We review the district court’s denial de novo, affirming the jury’s verdict “if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict.” United States v. Ragsdale, 426 F.3d 765, 770-71 (5th Cir.2005).
To support a conviction for filing a false tax return under 26 U.S.C. § 7206(1), evidence must be sufficient to show that: (1) the defendant wilfully made and subscribed to a materially false tax return; (2) the return contained a written declaration that it was made under penalties of perjury; and (3) the defendant did not believe that the return was true as to every material matter. See United States v. Loe, 262 F.3d 427, 435 (5th Cir.2001). When Adams filed his Form 1040X he swore it was true, correct, and complete. By swearing to the completeness of the amended return Adams verified that the Form 1040X, combined with the attached 1999 Form 1040, represented the changes necessary to render a full accounting of his income for 1999. Whether Adams was required by the IRS to attach the 1999 Form 1040 is immaterial. The crucial fact is that Adams did attach this return. By doing so he necessarily swore that it, along with the Form 1040X, accounted for his total 1999 income. However, evidence at trial showed Adams continued to omit $277,551.46 in gross receipts. This money should have been reported on Line 1 of Schedule C of the attached 1999 Form 1040. The Form 1040X plus the 1999 Form 1040 could not have reflected his entire 1999 income, and thus when Adams swore that the information was “complete” he wilfully made a false statement. Therefore, there was sufficient evidence for the jury to find that Adams was guilty of violating 26 U.S.C. § 7206(1), and the jury’s verdict should be affirmed as to Count I.
Accordingly, I concur with the majority’s holdings in Part II.A, B, D, and E, but respectfully dissent from Part II.C.

. Moreover, even if we could properly construe Adams' challenge to the district court's denial of his motion for acquittal as a challenge to the sufficiency of the indictment, this claim would have to be reviewed for plain error. See United States v. Fuchs, 467 F.3d 889, 900 (5th Cir.2006). The majority makes another significant leap to find itself "convinced” that Adams challenged the sufficiency of the indictment in the district court, entitling him to a de novo review of this issue. However, it is not enough that Adams may have challenged the indictment in the district court; we must also determine that he challenged it for the same reasons as in this appeal. See id. (reviewing for plain error because a motion to dismiss particular counts of the indictment was made for different reasons than the challenge on appeal to the sufficiency of the indictment). Although Adams moved to dismiss Count I of the indictment before trial as barred by the statute of limitations, he never claimed that the indictment was insufficient. Moving to dismiss a count of the indictment as barred by the statute of limitations is an affirmative defense, distinct from an allegation that the indictment is insufficient.